IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ANTHONY BONNER, | : | |
| Petitioner, | : | |
| v. | : | No. 5:16-CV-322-CAR-MSH |
| Warden EDWARD PHILBIN, JR., | : | |
| | : | Proceedings under 28 U.S.C. § 2254 |
| Respondent. | : | |

## ORDER ON REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation [Doc. 17] from United States Magistrate Judge Stephen Hyles, recommending that Petitioner Anthony Bonner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [Doc. 1] be denied. Petitioner, proceeding *pro se*, has filed an Objection to the Recommendation [Doc. 18]. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Petitioner's Objection, has made a *de novo* determination of those parts of the Recommendation to which Petitioner objects, and finds the Objection to be without merit.

In 2005, Petitioner was charged with malice murder, two counts of felony murder, aggravated assault, and theft by receiving. A Bibb County Superior Court

jury acquitted him of malice murder and convicted him on all other charges. After pursuing a direct appeal and a habeas petition in state court, Petitioner filed the habeas petition currently at bar. Petitioner argues his multiplicitous indictment and his conviction on the two counts of felony murder after being acquitted of malice murder, violates his double jeopardy rights. The Recommendation recommends the Court deny his petition because Petitioner's claims have been procedurally defaulted, as he did not raise them at trial or on direct appeal, and Petitioner has shown neither the cause and actual prejudice, nor a fundamental miscarriage of justice, necessary to overcome the default. In his Objection, Petitioner first restates the double jeopardy argument that has been thoroughly addressed in the Recommendation. The Court agrees with the findings and conclusions in the Recommendation, and this objection is overruled.

Additionally, Petitioner argues his procedural default should be excused because the State violated his due process rights by failing to charge and convict him of violating O.C.GA. § 16-11-106, Possession of a Firearm during the Commission of or Attempt to Commit, Certain Crimes. Petitioner contends no reasonable jury could have convicted him of aggravated assault and felony murder without this charge.

Petitioner's argument however, does not establish the necessary cause and actual prejudice[1] sufficient to overcome his procedural default, nor does it show a fundamental miscarriage of justice.[2] Thus, this objection is also overruled.

Accordingly, the Report and Recommendation [Doc. 17] is **ADOPTED** and **MADE THE ORDER OF THIS COURT**, and the Petition for Writ of Habeas Corpus [Doc. 1] is **DENIED**. Additionally, because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is **DENIED**.

**SO ORDERED**, this 8th day of September, 2017.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

1 "Cause exists if there was 'some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule.'" *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir.2008) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). In order to establish actual prejudice, the error must have "worked to [petitioner's] *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Ward v. Hall*, 592 F.3d 1144, 1178 (11th Cir. 2010) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

2 In order "[t]o excuse a default of a guilt-phase claim under [the fundamental miscarriage of justice] standard, a petitioner must prove "a constitutional violation [that] has probably resulted in the conviction of one who is actually innocent." *Hill v. Jones*, 81 F.3d 1015, 1023 (11th Cir. 1996) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).